ERNEST BOTTOMLEY *vs.* ROYAL INSURANCE COMPANY.

Essex.    November 8, 1905. — January 3, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Insurance*, Against leakage of sprinkler.    *Contract*, Construction.

A manufacturer occupying the second floor only of a five story building equipped throughout with the Grinnell automatic sprinkling system sued on a policy insuring him " against all direct loss or damage caused by water discharged, or that may leak from the automatic sprinkler system known as the Grinnell, now erected in or on that portion of the building occupied by the assured, described as follows: brick building situate in extreme rear of No. 2-20 Washington Street, Haverhill." It appeared that the damage for which the plaintiff sought to recover was caused by water from a broken sprinkler on the fifth floor of the

building, which was occupied by another manufacturer. *Held*, that the plaintiff could not recover, as the policy should be construed to insure only against damage from leakage of the sprinkler erected on the portion of the building occupied by the plaintiff.

MORTON, J.  The plaintiff is a shoe manufacturer, and was occupying in April, 1902, the second floor of a building in Haverhill.  The building contained five stories and a basement and was equipped throughout with the Grinnell automatic sprinkler system.  He was insured in the defendant company under a policy entitled " Sprinkler Leakage Contract . . . against all direct loss or damage caused by water discharged, or that may leak from the automatic sprinkler system known as the Grinnell, now erected in or on that portion of the building occupied by the assured, described as follows: brick building situate in extreme rear of No. 2–20 Washington Street, Haverhill."  On April 2, 1902, a portion of the plaintiff's premises was flooded with water from a broken sprinkler on the fifth floor of the building occupied by one Kimball as a shoe factory.  The water found its way through the floor in large quantities down through intervening stories into the premises occupied by the plaintiff and damaged his property upwards of $700 as found by the auditor.  This is an action upon the policy to recover the loss thus sustained.  The case was submitted to a judge of the Superior Court upon the auditor's report and exhibits as an agreed statement of facts, so far as competent and material, with power to draw inferences.  The judge found for the defendant, and the plaintiff appealed.

Assuming, in favor of the plaintiff, that the question of the construction of the policy is open to him on the record, and that the provision in the policy requiring a submission to arbitration was waived by the defendant, we are of opinion that the loss does not come within the terms of the policy.  What the plaintiff was insured against was " direct loss or damage caused by water discharged, or that may leak from the automatic sprinkler . . . now erected in or on that portion of the building occupied by the assured, described," etc.  The description related to the location of the building, and the loss that the plaintiff was insured against was the loss arising from the leakage or discharge occurring in the sprinkler on his own premises.  The reference to

the sprinkler as the "system known as the Grinnell" was simply to identify the kind of sprinkler used. But, as we construe the policy, the risk insured against was particularly confined to discharges or leakages from the sprinkler erected in or on that portion of the building occupied by the plaintiff.

We think that the judgment for the defendant should be affirmed.

*So ordered.*

*W. S. Peters & H. J. Cole,* for the plaintiff.
*F. W. Brown,* for the defendant.